# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KODEY S. JAMES,

      Petitioner,

vs.                                                                                                       No. 1:19-cv-00673-KWR-JHR

WARDEN ROSA,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner Kodey S. James on July 22, 2019. (Doc. 1). The Court will dismiss the Petition without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Petitioner, Kodey S. James filed this habeas corpus case under 28 U.S.C. § 2241 challenging the decision in a prison disciplinary proceeding. (Doc. 1). Petitioner did not pay the $5 filing fee and, instead, submitted an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. The Court conducted an analysis of the financial information, including the inmate account statement, submitted by Petitioner under § 1915(b)(1) and determined that Petitioner had sufficient financial resources to prepay the $5 filing fee for commencement of the action. (Doc. 5). On March 4, 2020, the Court denied Petitioner leave to proceed pursuant to § 1915 and ordered Petitioner to pay the full $5 filing fee within 30 days. (Doc. 5). The Court also notified Petitioner that, if he did not pay the $5 filing fee within 30 days, the Court could dismiss the case without further notice. (Doc. 5 at 2).

Petitioner did not pay the $5 filing fee or respond to the Court's Order. On May 4, 2021, the Court entered an Order to Show Cause. (Doc. 6). The Order directed Petitioner to show cause why the case should not be dismissed for failure to pay the $5 filing fee. (Doc. 6 at 1). The Order also advised Petitioner that, if he did not show cause by the deadline, the case could be dismissed without further notice. (Doc. 6 at 2). More than 30 days elapsed after entry of the Court's Order to Show Cause and Petitioner has not responded to the Court's May 4, 2021 Order or communicated with the Court.

At the time it was filed, the Petition indicated that Petitioner was in the custody of the New Mexico Department of Corrections at the Northwestern New Mexico Correctional Center. (Doc. 1). However, mail addressed to Petitioner at the Northwestern New Mexico Correctional Center is being returned as undeliverable. (Doc. 7). A review of the New Mexico Corrections Department records shows that Petitioner James is no longer in the custody of the New Mexico Department of Corrections, and he has not provided the Court with any current address.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the Petitioner or authorize Petitioner to proceed without prepayment of the fee. Petitioner was directed to pay the $5 filing fee or show cause why he should not be required to do so. (Doc. 5, 6). Petitioner has failed to pay the $5 filing fee as ordered by the Court. The local rules also require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner James has failed to comply with D.N.M. LR-Civ. 83.6, failed to pay the filing fee as ordered by the Court, and failed to communicate with the Court.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The

Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

Petitioner James has failed to comply with the Court's orders, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with D.N.M. LR-Civ. 83.6, and failed to prosecute this action. The Court may dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with court orders. *Olsen v. Mapes*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and Court Orders and failure to prosecute this proceeding.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner Kodey S. James (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Orders, and for failure to prosecute.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**